[No. 3638.  Decided July 11, 1900.]

THE STATE OF WASHINGTON, *on the Relation of Florence P. Embree, Respondent,* v. S. F. RATHBUN, *Treasurer, Appellant.*

LOCAL IMPROVEMENT BONDS—INTEREST—CONSTRUCTION OF STATUTE.

Where bonds drawing interest and maturing annually have been issued against real estate to cover the unpaid installments due thereon for local improvements, under Bal. Code, § 1185, which provides for the issuance and collection of bonds on the property benefited; that the owner of such property may redeem from such liability by paying the entire assessment chargeable against his property, "after the issuance of the bonds by paying all the installments of the assessments which have been levied and also the amount of unlevied installments with interest on the latter at the rate of eight per centum per annum from the date of the issuance of the bonds to the time of maturity of the last installment"; and that "all sums so paid shall be applied solely to the payment of such improvements or the redemption of the bonds issued therefor," mandamus will lie to compel the city treasurer to accept the full amount of principal and interest of the bonds to the date of their maturity, since the treasurer cannot exact interest in full on the total assessment from date of levy until the maturity of the last bond, in view of the fact that the statute provides that all sums paid shall be applied solely to the redemption of the bonds.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge.  Affirmed.

*W. E. Humphrey* and *Edward Von Tobel,* for appellant.

*Benton Embree,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action brought on the relation of the respondent, Florence P. Embree, to obtain a peremptory writ of mandate commanding the city treasurer of the city of Seattle to accept a certain sum for the

redemption of certain property in the city of Seattle from liability for the payment of bonds issued for local improvements. The improvement was made under § 1185, Bal. Code, which provides for the issuance and collection of bonds on property benefited. Prior to the commencement of this action the respondent, who was the owner of said property, tendered to the city treasurer the total of the unpaid installments, together with the full interest that would have been paid upon all unpaid and unlevied installments if payment were made annually; that is, it is conceded that the amount tendered was the total amount the holder of the bonds would receive, and all that he could receive. The defendant refused to accept such tender in full satisfaction of said assessment, because it was less than the total of unlevied and unpaid installments, with interest thereon at the rate of eight per cent. per annum from the date of the issuance of the bonds to the time of the maturity of the last installment. Upon the refusal of the treasurer to so accept the amount thus tendered, this suit was brought. Demurrers were interposed to the causes of action, which demurrers were overruled. The defendant electing to stand on his demurrers, judgment was entered granting the relief prayed for in plaintiff's complaint; from which judgment defendant appeals to this court.

The portion of the act upon which the appellant relies is as follows:

" The owner of any piece of property liable to any such special assessment may redeem his property from such liability by paying the entire assessment chargeable against his property (upon the city clerk mailing him a written or printed notice) thirty days before the issuance of the bonds, or after the issuance of the bonds by paying all the installments of the assessments which have been levied and also the amount of unlevied installments with interest on

the latter at the rate of eight per centum per annum from the date of the issuance of the bonds to the time of maturity of the last installment."

It will be seen that, by a literal interpretation of the language quoted, the amount required to be paid would exceed the amount of the principal and interest of the bonds, and it is contended by the appellant that the act is so plain that construction cannot be resorted to.    It is true that, where a statute is plain and unambiguous there is no room for construction, but it is equally true that different portions of an act must be taken into consideration, to aid in construing any particular portion thereof. In the act, succeeding the language quoted, appears the following:

"In all cases where installments of assessments not yet levied and paid as above provided, whether before or after the issuance of the bonds, the same shall be paid to the city treasurer, who shall receipt therefor, and all sums so paid shall be applied solely to the payment of such improvements or the redemption of the bonds issued therefor."

It seems plain to us that it was the intention of the act to require of the land owner only the payment of the bonds and the interest on the same.    In fact, there is no provision for the application of any money in excess of this amount, for the statute especially provides that all sums so paid shall be applied solely to the payment of such improvements, or the redemption of the bonds issued therefor.    The bondholder is not entitled to the excess required, and the city is not entitled to it, for it is not competent for the city to make money out of the improvements at the expense of abutting property owners.    The respondent having tendered the full amount of the cost of the improvement, we think the demurrers to the complaint were properly overruled.

The judgment is affirmed.

ANDERS, FULLERTON, REAVIS and WHITE, JJ., concur.